**VOORHEES et al. v. GRINNELL CO., Inc.**

Circuit Court of Appeals, Third Circuit.
April 27, 1927.

No. 3568.

Receivers ⬅150—Seller held not required to introduce data showing cost of completing contract for another, in claim against buyer's receiver for buyer's breach.

Seller, in making claim against buyer's receiver for buyer's breach of contract, *held* not required to introduce data showing cost of completing contract for another, where such data was made available to receiver, who, after examining it, did not offer it.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Claim by the Grinnell Company, Inc., against C. I. Voorhees and others, receivers of the Willys Corporation. The master's finding was approved by the court, and the receivers appeal. Affirmed.

Howard C. Gilmour, of Newark, N. J., and McDermott, Enright & Carpenter, of Jersey City, N. J., for appellants.

Edgar W. Shaw, of Providence, R. I., and Stamler, Stamler & Koestler, of Elizabeth, N. J. (Samuel Koestler, of Elizabeth, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns a claim of the Grinnell Company against the receiver of the Willys Corporation, which was considered by this court in 1 F.(2d) 693. Reference thereto saves present repetition. The here pertinent facts are that Grinnell had a contract with Willys to install a water-sprinkling plant in the latter's factory. Before its completion, Willys ceased paying the monthly installments due under the contract, and eventually passed into the hands of the receiver. Later the Willys plant was sold to the Durant Company, which latter entered into a new contract with Grinnell to complete the unfinished work, which it did. Grinnell then presented a claim to the receiver for the damages it sustained by reason of Willys' breach of the contract. On hearing, the court below held that Grinnell was only entitled to nominal damages, but on appeal to this court such holding was reversed, in the opinion delivered in the above-stated case.

On re-reference to the master, Grinnell gave evidence of the time, labor, and expenditures generally which it would have incurred, had it been allowed to complete the contract, and the master, in the absence of countervailing proof, accepted this estimate and allowed as damages the difference between the contract price and this estimate. His finding was approved by the court, whereupon the receiver of Willys took this appeal. His complaint, in addition to the unfounded one that Willys had not breached the contract, is that the better measure of damage would have been the cost actually incurred by Grinnell in completing the contract for the Durant Company. In view of this contention, the master called on Grinnell to furnish the figures and data of cost and expenditures so incurred, and in obedience thereto Grinnell brought such data to the office of the referee and tendered examination of it to the receiver, which examination was made. What the result of it was, or what the figures and data thus produced actually showed, does not appear in the record; but the contention of the receiver is that Grinnell was bound to offer in evidence this produced data as being the best evidence of costs and expenditures in completing the contract.

We are not moved by this contention. If such was the case, the receiver was at liberty to offer it. He did not avail himself of this opportunity. We see no obligation on the part of Grinnell to give this data in evidence. It had already made out its prima facie case, and, in the event of the receiver offering no countervailing or better proofs, we find no error in the amount found by the master and confirmed by the court. The decisions cited by the receiver to our mind have no bearing on the present situation. This is not a case where better evidence than that offered is shown to exist and has been concealed, or not produced, by a litigant. Here the data was produced, and if the receiver, after examining it, did not offer it, he cannot complain.

The decree below is affirmed.